Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
JAN 22 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROGER D. GUYTON,<br><br>    Petitioner,<br><br>v.<br><br>F. GONZALES, WARDEN,<br><br>    Respondent. | No. CV 08-00255-RGK (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On January 15, 2008, Roger D. Guyton (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner was convicted by a jury in Los Angeles County Superior Court on June 7, 1999 of five counts of stalking in violation of California Penal Code ("PC") §646.9(a) and the jury further found true the allegation that Petitioner personally used a deadly and dangerous weapon in violation of PC §12022(b)(1). Petitioner was sentenced on June 26, 1999 to 13 years and four months in state prison. (See Petition at 2.) Petitioner has raised the following claims in the within petition: (1) the trial court violated Petitioner's Sixth and Fourteenth Amendment rights to a fair and impartial trial; (2) the trial court abused its authority and legal discretion

regarding the <u>Pitchess</u> discovery and hearing; (3) insufficient evidence to legally sustain erroneous and frivolous conviction; (4) trial counsel willfully committed 'ineffective assistance of counsel' which prejudiced Petitioner; (5) the alleged victim willfully and vindictively committed 'perjury under oath' to obtain a conviction in error; and (6) sentencing claim under <u>Cunningham v. California</u>, 549 U.S. ___, 127 S.Ct. 856 (2007). (<u>See</u> Petition at 5-6; attached pages.)

It appears from the face of the Petition that it is directed to the same 1999 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on December 3, 2004, in Case No. CV 04-09844-RGK (VBK).[1] On November 28, 2006, Judgment was entered in Case No. CV 04-09844-RGK (VBK), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L.

---

1   The Court takes judicial notice of its own files and records and notes that on December 3, 2004, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, which was given Case No. CV 04-09844-RGK (VBK). In this Petition, Petitioner raised the following claims: (1) The trial court erred in not holding a competency hearing and failing to evaluate Petitioner's alleged insanity. Additionally, the trial court improperly denied Petitioner his counsel of choice; (2) Petitioner's counsel was ineffective for not requesting a competency hearing or raising an insanity defense; (3) Petitioner was unconstitutionally removed from the courtroom and the trial court was biased against him; and (4) The prosecution failed to produce evidence from police personnel files favorable to Petitioner, and this Court should order the production of these records. (<u>See</u> Petition and attached pages.)

104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> (2) (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>." (Emphasis added.)

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28

1  U.S.C. §2244(b). Thus, it was incumbent on Petitioner under
2  §2244(b)(3)(A) to secure an order from the Ninth Circuit
3  authorizing the District Court to consider the Petition, prior to
4  his filing of it in this Court. Petitioner's failure to do so
5  deprives the Court of subject matter jurisdiction.

6  For the foregoing reasons, **IT IS ORDERED** that this action be
7  summarily dismissed pursuant to Rule 4 of the Rules Governing
8  Section 2254 Cases in the United States District Courts.

9  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

11  DATED: JAN 18 2008

13  _____
14  R. GARY KLAUSNER
    UNITED STATES DISTRICT JUDGE

16  Presented this 17th day of
    January, 2008 by:

19  _____
    VICTOR B. KENTON
20  UNITED STATES MAGISTRATE JUDGE

4